**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DERRELL W. PARTON,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant-Appellee.

No. 00-7065
(D.C. No. 99-CV-152-P)
(E.D. Okla.)

---

ORDER AND JUDGMENT  *

---

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals from an order of the magistrate judge, sitting for the district court by consent of the parties pursuant to 28 U.S.C. § 636(c), affirming the decision of the Commissioner of Social Security that he is not disabled within the meaning of the Social Security Act and denying his claim for disability insurance benefits. We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000). We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We reverse and remand for further proceedings.

## I. Background

Plaintiff applied for social security benefits in June of 1995, alleging that he had been disabled since February 3, 1994 due to chronic bronchitis, emphysema and back problems. [1] After plaintiff's application was denied initially and on reconsideration, a de novo hearing was held before an administrative law judge (ALJ). In a decision dated December 8, 1997, the ALJ denied plaintiff's claim at step four of the evaluation process. *See generally Williams v. Bowen*,

---

[1] In his initial application, plaintiff also alleged that he suffers from diabetes. Although plaintiff states that he suffers from diabetes in his opening brief, he has not raised any specific issues on appeal relating to his diabetes. Plaintiff has therefore waived any issues relating to his diabetes. *See State Farm Fire & Cas. Co. v. Mhoon,* 31 F.3d 979, 984 n.7 (10th Cir. 1994) (issue is waived on appeal if it is not raised in opening brief).

844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step sequential evaluation process for determining if a claimant is disabled). The appeals counsel denied review, making the ALJ's decision the Commissioner's final decision. The district court affirmed, and this appeal followed.

The ALJ found that plaintiff's back and pulmonary problems do not preclude him from engaging in the full range of medium work. [2] *See* Appellant's Appendix (App.), Vol. 2 at 13-14. Based upon the testimony of a vocational expert, the ALJ also found that plaintiff's past relevant work as a painter is medium in exertional demands. *Id.* at 14. The ALJ therefore concluded that plaintiff has the residual functional capacity to return to his past relevant work as a painter with no limitations. [3] *Id*. at 14-15.

On appeal, plaintiff argues that the ALJ's findings are erroneous as a matter of law and not based upon substantial evidence. First, plaintiff argues that the ALJ failed to adequately consider all of his impairments, and the medical and vocational evidence in the record related thereto, in determining his residual

---

[2]    The regulatory definition of "medium work" is set forth at 20 C.F.R. § 404.1567(c).

[3]    At the hearing before the ALJ, plaintiff testified that he also suffers from knee and groin pain. The ALJ found that plaintiff's claim of disability based upon his alleged knee and groin pain is not supported by the record. *See* App., Vol. 2 at 13. Although plaintiff refers to knee and groin pain in his opening brief, he has not raised any specific issues on appeal relating to these injuries. Plaintiff has therefore waived this aspect of his claim. *See Mhoon,* 31 F.3d at 984 n.7.

functional capacity. Second, plaintiff argues that the ALJ improperly discounted the credibility of his subjective complaints of disabling pain and other symptoms.

## II. Plaintiff's Alleged Back Problems and Pain

The ALJ found that plaintiff has the residual functional capacity to work as a painter with no limitations. The ALJ did not explain, however, why she rejected significantly probative and uncontroverted evidence in the record indicating that plaintiff's back problems may preclude him from working as a painter for eight hours a day. This is reversible error. *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("in addition to discussing the evidence supporting [her] decision, the ALJ also must discuss the uncontroverted evidence [she] chooses not to rely upon, as well as significantly probative evidence [she] rejects"); *see also Barnett*, 231 F.3d at 689 ("ALJ is charged with carefully considering all the relevant evidence and linking [her] findings to specific evidence").

Plaintiff underwent a consultative orthopedic examination in April of 1997 to determine the nature and extent of his back problems. The examination was performed by Dr. J.D. McGovern. In her decision, the ALJ correctly noted that Dr. McGovern found that plaintiff is not subject to any physical limitations with respect to his ability to lift, carry, stand, walk or sit. *See* App., Vol. 2 at 14,

152-53. [4]  However, the ALJ failed to address, or even acknowledge, the fact that Dr. McGovern also found that plaintiff can only "occasionally" perform the postural activity of "stooping."  *Id.* at 153.  According to Dr. McGovern's report, "occasionally" means "from very little up to 1/3 of an 8-hour day."  *Id.*

In her decision, the ALJ does not discuss whether the limitation imposed by Dr. McGovern for stooping is contrary to other medical evidence in the record or whether plaintiff can work as a painter for eight hours a day with such a limitation.  The ALJ's failure to address these issues is especially troubling in light of the testimony of the vocational expert.  At the hearing before the ALJ, the vocational expert, Gary Clink, testified that there are no painting jobs available for persons who are physically unable to engage in repetitive stooping because "painting . . . require[s] frequent stooping."  *See* App., Vol. 2 at 39.

There is no evidence in the record which controverts the findings of Dr. McGovern or the testimony of Mr. Clink.  Moreover, their opinions are significantly probative since they appear to directly contradict the ALJ's finding that plaintiff is physically able to engage in the occupation of painting with no

_____

[4]      As the parties note in their briefs, the record contains both a signed and an unsigned version of Dr. McGovern's consultative examination report.  *See* App., Vol. 2 at 148-50, 155-57.  Under the controlling regulations, the unsigned report may not be used to make the determination of whether to deny a claim for social security benefits.  *See* 20 C.F.R. § 404.1519o(b)(1).  Accordingly, we will only consider the signed report for purposes of this appeal.

limitations. Accordingly, on remand, the ALJ shall specifically address the opinions of Dr. McGovern and Mr. Clink and explain why she rejected them. *See Clifton*, 79 F.3d at 1010.

The ALJ also failed to address Dr. McGovern's finding that plaintiff "should be able to perform at a *sedentary light* duty type of activity with only slight discomfort." [5] *See* App., Vol. 2 at 150 (emphasis added). We are hesitant to find that the ALJ's failure to specifically address Dr. McGovern's finding is reversible error since there is other evidence in the record which appears to support the ALJ's conclusion that plaintiff can engage in medium work. Nonetheless, in order to clarify the record, the ALJ shall specifically address Dr. McGovern's finding on remand.

Finally, with respect to plaintiff's claim that the ALJ did not properly evaluate the credibility of his subjective complaints of disabling back pain, there appears to be sufficient objective medical evidence in the record to rebut plaintiff's subjective complaints. However, in her written decision, the ALJ did not specifically link any of her evidentiary findings to the issue of plaintiff's credibility as required under *Luna v. Bowen*, 834 F.2d 161, 162-66 (10th Cir.

---

[5]     The regulatory definitions of "sedentary work" and "light work" are set forth at 20 C.F.R. § 404.1567(a) and (b).

1987). [6] *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (under *Luna*, ALJ's analysis of credibility of subjective complaints is inadequate if ALJ merely states conclusion that pain is not disabling without making express findings with reference to relevant evidence). Thus, on remand, the ALJ shall make specific evidentiary findings regarding the credibility of plaintiff's subjective complaints of disabling back pain. [7]

### III. Plaintiff's Alleged Pulmonary Problems and Limitations

The ALJ rejected plaintiff's claim that his pulmonary problems prevent him from working as a painter. *See* App., Vol. 2 at 13-15. While we believe there is substantial evidence in the record to support this decision, the ALJ needs to clarify her findings on remand.

According to the ALJ, "[t]he *medical evidence* establishes that [plaintiff] has *severe limitations* due to pulmonary disease, . . ." *Id.* at 15 (emphasis added).

---

[6] *Luna* applies to this case because there is objective medical evidence in the record in the form of plaintiff's medical records showing that plaintiff does in fact have back problems capable of producing pain. *See Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

[7] By remanding this case for additional findings with respect to the credibility of plaintiff's allegations of disabling back pain, we are not suggesting that *Kepler* requires the ALJ to engage in "a formalistic factor-by-factor recitation of evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). Instead, "[s]o long as the ALJ sets forth the specific evidence [she] relies on in evaluating the [plaintiff's] credibility, the dictates of *Kepler* are satisfied." *Id.* (italics added).

The ALJ failed, however, to describe the "severe limitations" or explain why they do not preclude plaintiff from working as a painter on a full-time basis. The ALJ also failed to address the credibility of plaintiff's claim that his pulmonary problems are aggravated by exposure to dust and fumes. *See* App., Vol. 2 at 13, 37.

These issues must be addressed on remand given the supporting references to plaintiff's pulmonary problems in his medical records,[8] and Mr. Clink's uncontroverted testimony, *see* App., Vol. 2 at 39-40, that there are no painting jobs available for an individual with a limitation against extended exposure to dust and fumes. *See Henrie v. United States Dep't of Health & Human Servs.,* 13 F.3d 359, 361 (10th Cir. 1993) (at step four of evaluation process, ALJ must make specific findings regarding demands of plaintiff's prior job and compare those demands to plaintiff's residual functional capacity) (citations omitted).

---

[8]   Plaintiff's medical records indicate that his pulmonary problems include chronic obstructive pulmonary disease, shortness of breath or dyspnea, asthma and bronchitis. *See* App., Vol. 2 at 81-83, 85-86, 90, 129-30, 132, 135-36, 138, 142-43, 168-69, 182, 184, 186-87, 193.

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the case is REMANDED to the district court with instructions to remand the case to the Commissioner for further proceedings before the administrative law judge in accordance with this Order and Judgment.

Entered for the Court


Stephen H. Anderson
Circuit Judge