**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LUCILLE SMITH,

      Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,*

      Defendant - Appellee.

No. 01-7141
(D.C. No. 00-CV-595-P)
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT** **

---

Before **SEYMOUR** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     On November 9, 2001, Jo Anne B. Barnhart became Commissioner of
Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Ms. Barnhart is substituted for Larry G. Massanari as the
appellee in this action.

**     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Claimant Lucille Smith  appeals the district court's order[1] affirming the Commissioner's decision to deny her application for a period of disability and disability benefits from March 31, 1997 to September 22, 1999.[2]  She alleges disability due to pain in her feet, right shoulder, right hip, and back, as well as pain and weakness in her hands and depression.  At step five of the five-step sequential evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps), an administrative law judge (ALJ) determined that Ms. Smith could perform a full range of sedentary work.  Therefore, applying the Medical-Vocational Guidelines, 20 C.F.R. § 404, Subpt. P, App. 2 (grids), he ruled that Ms. Smith was not disabled and not entitled to disability benefits.  Our jurisdiction arises from 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.  The district court's judgment is affirmed.

On appeal, Ms. Smith asserts (1) the ALJ's determination that she had the residual functional capacity (RFC) to perform a full range of sedentary work was not supported by substantial evidence, (2) the ALJ did not accord appropriate

---

[1]     The parties proceeded before a magistrate judge.     See 28 U.S.C. § 636(c).

[2]     Ms. Smith reports that in an independent proceeding she was determined to be disabled as of September 23, 1999.

weight to the opinion of one of her physicians, and (3) the ALJ improperly relied on the grids to determine that she was not disabled.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotation omitted)). We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. Barnett v. Apfel, 231 F.3d 687, 689 (10th Cir. 2000).

Ms. Smith alleges that the ALJ failed to evaluate her ability to stand and walk, thereby undermining the finding that she could perform a full range of sedentary work. She argues that the ALJ contemplated that she could not stand or walk for two hours of an eight-hour workday or, in the alternative, that the record does not support a finding that she could accomplish the walking and standing requirements for a full range of sedentary work. [3]

---

[3] In addition, Ms. Smith maintains that the ALJ committed reversible error because he did not assess her ability to stand independently of her ability to walk. She relies on SSR 96-8p, 1996 WL 374184, at *1, 5, which states that each of the strengths (sitting, standing, walking, lifting, carrying, pushing and pulling) are to be evaluated separately and independently of the others when determining a claimant's RFC. Any error is harmless because nothing in the record suggests

(continued...)

Sedentary work involves sitting, but "walking and standing are required occasionally." 20 C.F.R. § 404.1567(a). "Occasionally" has been defined in a related context as "occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday." SSR 96-9p, 1996 WL 374185, at *3 (1996) ("Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work").

We reject Ms. Smith's characterization of the ALJ's decision as failing to assess her ability to stand and walk. The ALJ found that Ms. Smith's impairments limited her work activity, including "sitting with regular breaks for 6 hours in an 8 hour work day; and a limited amount of walking and standing necessary in carrying out job duties." Appellant's App. Vol. II, part 1, at 20, 22. The ALJ's remark that sedentary work involves "sitting for 6 hours a day *or more*," id. at 20 (emphasis added), was merely a comment that not all sedentary work requires two full hours of standing and walking, not a finding that Ms. Smith was required to sit for more than six hours a day.

Ms. Smith's claim that the record does not support this finding is based on reports by Dr. Green and Dr. Newell. Dr. Green treated her for foot problems by performing surgery on both feet. His notes indicated that Ms. Smith's progress

---

[3](...continued)
that treating the activities together resulted in a different decisional outcome from that which would have been reached by treating them separately. Id. at *5.

following each surgery was satisfactory, although slow.     See, e.g. , id. at 113, 114. Dr. Green filled out a form dated July 14, 1999, on which he checked the boxes indicating that Ms. Smith was totally disabled, but he also indicated on the form that she was a suitable candidate for rehabilitation.     Id. part 2, at 236.  This form is internally inconsistent, as well as being inconsistent with Dr. Green's progress notes.  Moreover, it was not supported by a narrative report.

Similarly, Dr. Newell filled out a form dated July 26, 1999, indicating that Ms. Smith could stand for only one hour in an eight-hour workday.  Like the form submitted by Dr. Green, Dr. Newell's form was not supported by her examination notes and it was not accompanied by a report.  Accordingly, we hold that these forms are not substantial evidence.     See Frey v. Bowen , 816 F.2d 508, 515 (10th Cir. 1987) (holding evaluation forms unsupported by written report or testimony not substantial evidence).

Other medical evidence in the record shows that Ms. Smith complained of pain in her feet, hands, shoulder, hip and back.  She received a variety of medical treatments, some of which were more effective than others.  The record also shows that many of the objective medical tests relating to her ability to stand and walk were within normal limits.     See, e.g. , Appellant's App. Vol. II, part 1, at 122-24, 135;  id., part 2, at 222-224.

In addition to the medical evidence, the ALJ considered Ms. Smith's daily activities which included cooking, driving, shopping, fishing and socializing. See 20 C.F.R. § 404.1529(a) (disability determination includes consideration of daily activities). Based on the record, we conclude that substantial evidence supports the ALJ's finding that Ms. Smith had the residual functional capacity to perform a full range of sedentary work, which requires occasional walking or standing.

Next, Ms. Smith asserts that the ALJ improperly rejected the opinion of her treating physician, Dr. Newell. This argument is based on the form discussed above in which Dr. Newell indicated that Ms. White could stand or walk one hour during a normal workday. Appellant's App. Vol. II, part 2, at 238. The ALJ rejected Dr. Newell's conclusion because it was based on Ms. Smith's own report to Dr. Newell, rather than on objective medical findings, and because it was inconsistent with Dr. Newell's examination notes. Id., part 1, at 20.

The ALJ must give "controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record." Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001). A treating physician's opinion is not dispositive on the ultimate issue of disability. Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994). A treating physician's opinion is considered in relation to its consistency with other evidence, the length and nature of the treatment

relationship, the frequency of examination, and the extent to which the opinion is supported by objective medical evidence. 20 C.F.R. § 404.1527(d)(2).

Dr. Newell examined Ms. Smith only twice, both times in May of 1999. Her July 26, 1999 statement required the physician merely to check boxes on a form, and the form was not accompanied by a written report or testimony. The information on the form was not supported by Dr. Newell's examination notes. Accordingly, the ALJ properly rejected Dr. Newell's statement that Ms. Smith could stand for only one hour during a normal workday.

Lastly, Ms. Smith maintains that the ALJ's reliance on the grids was in error because substantial evidence does not support the finding that she could perform a full range of sedentary work based on her ability to stand and walk. We rejected this argument above in concluding that substantial evidence supports the ALJ's determination that Ms. Smith could stand and walk for two hours of an eight-hour workday. "Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the existence of jobs in the national economy for that claimant is established, and the rule directs a conclusion as to whether the individual is or is not disabled." Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir. 1998) (quotations omitted). Accordingly, the ALJ was entitled to rely on the grids.

AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge