**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NEVA CATHEY,

   Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

   Defendant-Appellee.

No. 02-7100
(D.C. No. 01-CV-439-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **McKAY** , and **BALDOCK** , Circuit Judges.

---

   Neva Cathey appeals from an order of the district court affirming the

determination of the Commissioner of Social Security ("Commissioner") that she

is not entitled to Social Security disability benefits. We affirm.

---

* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

In an application for Social Security benefits filed in July 1998, Cathey alleged that she has been unable to work since May 1998 due to several alleged impairments, including diabetes, low back pain, obesity, and carpel tunnel syndrome in her left dominant hand. Her application was denied by the agency. Reviewing the denial of benefits, the administrative law judge ("ALJ") determined that Ms. Cathey was not disabled at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as she could perform the full range of sedentary work. The ALJ reached this conclusion by applying the Medical-Vocational Guidelines ("the grids"), 20 C.F.R. pt. 404, subpt. P, app. 2.

Because the Appeals Council declined to review the ALJ's decision, that decision became the final decision of the Commissioner, see 20 C.F.R. § 404.984, which Cathey then appealed to the district court. In a summary order, the district court affirmed the denial of benefits. Cathey v. Barnhart, No. CIV 01-439-P (E.D. Okla. filed July 15, 2002). On appeal to this court, Cathey argues that the ALJ should not have used the grids to determine if she could work. She also asserts that the ALJ improperly evaluated the medical evidence and that testimony should have been obtained from a vocational expert ("VE").

We review the Commissioner's decision to determine whether her factual findings were supported by substantial evidence in the record viewed as a whole

and whether she applied the correct legal standards.  See Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (quotations omitted).  In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency."  Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Cathey maintains that the ALJ should not have applied the      grids in making his determination that she could work, because she has nonexertional impairments of pain, obesity, and carpal tunnel syndrome, as well as depression.  While nonexertional limitations may preclude use of the grids, the grids can be used if the impact of those impairments does not significantly reduce the underlying job base.  See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995) (noting that an ability to perform a "substantial majority" of the work in the designated residual-functional-capacity category justifies use of the grids).  The ALJ determined that Ms. Cathey met these parameters.  See Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993).

A review of the record shows that Cathey's alleged nonexertional limitations do not preclude her working in a broad range of jobs.  A consultative examination showed that Cathey had some tenderness in her lower back but had

no restrictions on her ability to ambulate. She received no treatment for her back pain and does not require assistive devices. Although Cathey is quite heavy, she has not been diagnosed as obese and no medical source has noted any limitations due to her weight. Cathey has shown signs of carpal tunnel syndrome, but that impairment has not been positively diagnosed.

As to her depression, Cathey is taking antidepressant medication prescribed by her nurse practitioner. She has not received any treatment for depression from a specialist "in years." (1 Appellant's App. at 71.) Cathey's alleged nonexertional impairments either require no treatment or have been treated successfully. Cf. Pacheco v. Sullivan, 931 F.2d 695, 698 (10th Cir. 1991) (suggesting that an "impairment that can be remedied by treatment" is not disabling); Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988) ("The mere fact that [claimant] was diagnosed as suffering from major depression does not automatically mean that he is disabled."). In short, Cathey has failed to show that her alleged nonexertional impairments necessarily interfere with her ability to work, and thus the ALJ properly relied on the grids.

Cathey asserts that the ALJ did not properly evaluate the medical evidence because he did not consider her left shoulder problems, left adhesive capsulitis, cellulitis, hallux valgus deformity, depression, and limitations due to her obesity. No physician has indicated that Cathey is significantly limited in her ability to

work due to any of these impairments.  Although her primary care provider, a nurse practitioner, determined that she could not work, this determination is not binding on the ALJ.  A physician's opinion that a claimant is totally disabled is not dispositive, because the final responsibility for determining whether a disability exists is reserved for the Commissioner    .  Castellano , 26 F.3d at 1029.  Under the appropriate regulations, the opinion of a nurse practitioner is entitled to even less weight.  See 20 C.F.R. § 404.1513(a) (listing "acceptable medical sources" who can provide evidence of an impairment, and excluding nurse practitioners); Barnett v. Apfel, 231 F.3d 687, 690 (10th Cir.  2000) (noting that reports from "other" medical sources are not entitled to the same significant weight).  Further, in the instant case, the nurse practitioner's office notes contradict her opinion.

Lastly, Cathey argues that the ALJ should have obtained VE testimony. As we have determined that the ALJ properly relied on the grids, no VE testimony was required.   See Daniels v. Apfel , 154 F.3d 1129, 1132 (10th Cir. 1998) (noting that use of the grids, in appropriate circumstances, "obviat[es] the need for a vocational expert's testimony")    .

We conclude that there is substantial evidence in the record to support the Commissioner's denial of benefits, and that the Commissioner made no legal error in reaching her decision. Accordingly, the judgment of the district court is **AFFIRMED** .

Entered for the Court


Carlos F. Lucero
Circuit Judge