**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 26 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENH CIRCUIT

---

SHARON K. BARNETT,

      Plaintiff-Appellant,

v.

No. 99-5214

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 98-CV-505-BU)**

---

Submitted on the briefs:

Jeffrey B. Kent, Bartlesville, Oklahoma, for Plaintiff-Appellant.

Stephen C. Lewis, United States Attorney; Tina M. Waddell, Chief Counsel,
Region VI; Mark J. Kingsolver, Deputy Chief Counsel; Mary F. Lin, Assistant
Regional Counsel, Office of the General Counsel, Social Security Administration,
Dallas, Texas, for Defendant-Appellee.

---

Before **BALDOCK** , **McKAY** , and **BRISCOE** , Circuit Judges.

---

**BALDOCK** , Circuit Judge.

---

Plaintiff-appellant Sharon K. Barnett appeals the district court's affirmance of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income. Because the Commissioner's decision is supported by substantial evidence and no legal errors occurred, we affirm. [1]

Plaintiff filed an application for benefits on January 3, 1996, alleging she was unable to work after December 25, 1995, due to back pain and peripheral neuropathy. After filing her application, plaintiff was treated for a heart condition which became part of her disability claim. A hearing was held before an administrative law judge (ALJ) who found that plaintiff could perform several of her previous jobs despite her impairments and thus was not disabled. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. The district court affirmed, and this appeal followed.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). We may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Plaintiff argues that (1) the Commissioner's decision is not supported by substantial evidence because the ALJ ignored medical evidence of her disability; (2) the ALJ failed to analyze plaintiff's pain properly under Luna v. Bowen, 834 F.2d 161, 162-64 (10th Cir. 1987); (3) the hypothetical presented to the vocational expert was legally deficient because it did not include all of plaintiff's restrictions, and the ALJ erred in ignoring the vocational expert's opinion that plaintiff would be unable to work if all her testimony was taken as true; and (4) the ALJ erred in not considering plaintiff's excessive absenteeism.

In his decision, the ALJ detailed a number of medical reports, and then stated:

> Every exhibit was reviewed carefully for preparation of this decision, however, exhibits not cited were omitted for various reasons, including, but not limited to the following: relate to a time not covered by the claim, illegibility, duplicity, different physicians reporting the same diagnoses, physician duplication of hospitalization records, failure to state a diagnosis, statement of the claimant's complaints without a diagnosis, prescription of medication only, etc.

R. I at 18. This type of boilerplate language is improper. The ALJ is charged with carefully considering all the relevant evidence and linking his findings to

-3-

specific evidence. See Clifton v. Chater, 79 F.3d at 1007, 1009-10 (10th Cir. 1996) (holding the "record must demonstrate that the ALJ considered all of the evidence," and the ALJ must "discuss[] the evidence supporting his decision, . . . the uncontroverted evidence he chooses not to rely upon, [and] significantly probative evidence he rejects"). When an ALJ decides to disregard a medical report by a claimant's physician, he must set forth "specific, legitimate reasons" for his decision. Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)) (further quotations omitted). Where, as here, an ALJ does not identify which medical exhibits were rejected and the reason for their rejection, we cannot meaningfully review the ALJ's determination. See, e.g., Clifton, 79 F.3d at 1009 (holding "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion," and thus the ALJ's unexplained conclusion was "beyond meaningful review"); Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (holding ALJ's listing of factors he considered was inadequate when court was "left to speculate what specific evidence led the ALJ to [his conclusion]"). In this case, however, plaintiff has not directed our attention to any medical evidence that was disregarded, and after reviewing the record we conclude the ALJ considered the pertinent evidence of plaintiff's back impairment, peripheral neuropathy, and heart condition.

-4-

The objective medical evidence shows that plaintiff suffers from mild degenerative disc disease of the lumbar spine, with some disc bulging at the L3-4 level.  See R. I at 147 (April 1996 x-rays); R. II at 175-76 (October 1995 x-rays and MRI).  Medical reports from the end of 1995 through mid-1996 noted only that plaintiff had mild tenderness at L3-4 and had positive straight leg raising on the right, but that she had no significant loss of strength or impairment to her gait.  The ALJ's decision reflected these limitations, restricting plaintiff to light and sedentary work requiring only occasional stooping, bending, crouching, and crawling, and noting that she suffered from a constant level of pain that would not affect her ability to concentrate.  The only reports regarding plaintiff's back that the ALJ rejected were those of plaintiff's chiropractor concluding she was totally disabled, which the regulations themselves provide are not entitled to the same significant weight as reports by a physician.      See 20 C.F.R. § 404.1513(a) & (e) (excluding chiropractors from the list of "acceptable medical sources,"); § 404.1527(e)(1) (stating that an opinion that a claimant is "disabled" will not affect the Commissioner's independent determination).

The record also shows that plaintiff suffers from peripheral neuropathy, which causes tingling, numbness, and pain in her feet.  No doctor has noted any limitations on plaintiff's ability to walk or stand, however, and the only limitations described by plaintiff are that she has to watch her speed when driving

and must watch where she is walking to maintain her balance. Finally, the ALJ clearly considered plaintiff's heart condition, but based on the evidence concluded that her condition was medically controlled. <u>See</u> R. I at 17.

The ALJ's credibility determination was also adequate. Under <u>Luna v. Bowen</u>, the ALJ must decide whether a claimant's subjective claims of pain are credible, considering such factors as "a claimant's persistent attempts to find relief for his pain and his willingness to try any treatment prescribed, regular use of crutches or a cane, regular contact with a doctor . . ., the claimant's daily activities, and the dosage, effectiveness, and side effects of medication." 834 F.2d at 165-66. Here, the ALJ found plaintiff's complaints not completely credible based on the paucity of objective medical findings in the record, the fact that she had not been treated by her physicians during the nine months preceding the hearing, [2] her failure to report arm numbness to her doctors, her lack of obvious discomfort at the hearing, and the fact that she was not taking prescription pain medication. As the ALJ relied on appropriate factors to support his decision, there was no error.

The hypothetical presented to the vocational expert was also sufficient, in that it contained all of the limitations found to exist by the ALJ. <u>See</u> <u>Gay v.</u>

---

[2] Although the ALJ stated that plaintiff had not been to her physician after "July 1997," R. I at 19, which was three months after the hearing, it is clear from the record that he meant July 1996.

Sullivan , 986 F.2d 1336, 1341 (10th Cir. 1993) (approving a hypothetical as adequately reflecting the limitations found to exist by the ALJ). Although it did not contain impairments like plaintiff's nosebleeds or respiratory infections, there is no evidence these conditions were expected to last twelve months, and thus there was no error in failing to present such conditions to the vocational expert. Further, the ALJ did not err in rejecting the vocational expert's opinion that plaintiff would be totally disabled if her testimony at the hearing were believed completely, as the record does not establish the limitations described by plaintiff. See id. (approving ALJ's disregard of expert's favorable response to claimant's attorney's hypothetical which required expert to assume unestablished facts).

Finally, the ALJ did not err by failing to consider plaintiff's absenteeism. No such evidence was presented at the hearing, and plaintiff's current extrapolation of how many days she must have missed from work based on her medical record is faulty both in that it is not limited to time missed due to her back impairment, neuropathy, and heart condition, and in that it assumes she was required to miss entire days of work for each appointment.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.