**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 20 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RICHARD N. WILSON,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 02-6232
(D.C. No. CIV-01-692-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**

---

Before **TACHA** , Chief Judge, **HARTZ** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument. This order and judgment is not binding

precedent, except under the doctrines of law of the case, res judicata, and

collateral estoppel. The court generally disfavors the citation of orders and

judgments; nevertheless, an order and judgment may be cited under the terms and

conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Richard N. Wilson appeals from the district court's order affirming the Commissioner's denial of his applications for disability insurance benefits and supplemental security income benefits under the Social Security Act. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. "We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied." *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000).

Plaintiff's medical records establish that he has a history of alcoholism, and Plaintiff claims that he is disabled as a result of an organic brain disorder that has impaired his memory. After Plaintiff's applications for benefits were denied initially and on reconsideration, a de novo hearing was held before an administrative law judge (ALJ). In a decision dated May 25, 2000, the ALJ determined, at step two of the five-part sequential evaluation process for determining disability, that Plaintiff's mental impairment is severe, but that, at step three, it did not meet or equal a listed impairment. Aplt. App. at 30. Plaintiff is not challenging the ALJ's step three determination.

In his decision, the ALJ set forth his conclusions regarding the restrictions caused by Plaintiff's mental impairment, both with and independent of his alcoholism. *Id.* at 31. The ALJ then concluded, without stating whether he was considering Plaintiff's alcoholism, that Plaintiff "retains the following residual

functional capacity: wide range of medium. The full range of medium is reduced by inability to understand, remember and carry out complex instructions, good ability with detailed instructions and unlimited ability with simple instructions." *Id.* Based on these findings and the testimony of the vocational expert (VE) at the hearing, the ALJ concluded, at step four, that Plaintiff could not perform his past relevant work as a fork lift operator (at least as it was performed for his past employer). *Id.*

For purposes of step five, the ALJ was then required to determine, as a threshold matter, whether Plaintiff's mental impairment is disabling, without considering whether his alcoholism is contributing to the impairment. *See* 20 C.F.R. §§ 404.1535(a) and 416.935(a). If, at this threshold stage, the ALJ determines that Plaintiff's mental impairment is not disabling, then the inquiry ends and benefits are denied. On the other hand, if the ALJ determines that Plaintiff's mental impairment is disabling, then the ALJ must determine whether Plaintiff's alcoholism is a contributing factor material to his mental impairment. *See id.* If it is, then benefits must be denied.

At step five, the ALJ determined that Plaintiff is capable of performing other work that exists in significant numbers in the national economy. Aplt. App. at 31-32. Specifically, the ALJ concluded that Plaintiff is capable of working as a kitchen helper, laundry worker, or hospital cleaner. *Id.* at 32, 33-34. It is

unclear, however, whether the ALJ determined that Plaintiff is not disabled at step five even when considering his alcoholism or whether the ALJ determined that he is not disabled independent of his alcoholism. On one hand, after summarizing the alcoholism regulations in the introductory paragraphs in his decision, and before analyzing the specific evidence in the case, the ALJ set forth his overall conclusion that Plaintiff "is not disabled within the meaning of the Social Security Act." *Id.* at 29. Given this sweeping statement, it would appear that the ALJ concluded at step five that Plaintiff is not disabled even when his alcoholism is considered. On the other hand, because the ALJ went on to analyze Plaintiff's mental impairment independent of his alcoholism, *id.* at 31, an analysis the ALJ was not required to perform if his threshold finding was that Plaintiff was not disabled even when considering his alcoholism, the ALJ's decision is ambiguous on this point.

When considering Plaintiff's mental impairment independent of his alcoholism, the ALJ concluded that his mental impairment has only caused him "slight" deficiencies in his activities of daily living and social functioning. *Id.* Plaintiff claims that this determination is not supported by substantial evidence. Plaintiff also claims that the ALJ failed to develop an adequate record regarding his mental impairment, and that the ALJ failed to put forth a hypothetical question

-4-

to the VE that accurately reflected all his mental and physical limitations. These are the only issues that Plaintiff has raised in this appeal.

With respect to Plaintiff's challenge to the ALJ's evaluation of his mental impairment independent of his alcoholism, both the magistrate judge and the district judge concluded that the ALJ had found, as a threshold matter, that Plaintiff is not disabled at step five even when considering his alcoholism. R., Doc. 13 at 7-8 and Doc. 19 at 3-4. As a result, both the magistrate judge and the district judge rejected Plaintiff's claim that the ALJ erred in evaluating his mental impairment independent of his alcoholism, concluding that it was not necessary to perform such an analysis since the ALJ had made a threshold finding at step five that Plaintiff is not disabled even when considering his alcoholism. *Id.*

In this appeal Plaintiff has not addressed, or even acknowledged, the fact that the district court concluded that the ALJ had determined he was not disabled at step five even when considering his alcoholism. Rather, Plaintiff only argues that the ALJ erred in failing to properly evaluate his mental limitations independent of his alcoholism. Aplt. Br. at 11-14. This is a dispositive omission because, in *Berna v. Chater*, 101 F.3d 631, 633 (10th Cir. 1996), a social security case, we held as follows:

> [I]f on appeal a claimant challenges only one of two alternative rationales [relied on by the district court to] support[] a disposition,

-5-

> this choice of litigation strategy necessarily carries with it adverse consequences for the appeal as a whole. Since the unchallenged rationale is, by itself, a sufficient basis for the denial of benefits, claimant's success on appeal is foreclosed-- *regardless of the merits of the arguments relating to the challenged alternative*.

(internal quotation marks and brackets omitted) (emphasis added). Accordingly, regardless of the merits of Plaintiff's challenge to the ALJ's evaluation of his mental impairment independent of his alcoholism, Plaintiff is foreclosed from succeeding on that claim in this appeal as a result of his failure to challenge the dispositive ruling of the district court.

We also conclude that the ALJ did not err by failing to develop an adequate record or by failing to put forth a proper hypothetical question to the VE. First, as summarized by the magistrate judge, R., Doc. 13 at 3-5, 7, the administrative record includes medical records pertaining to Plaintiff's hospitalization in 1999, and medical consultants for the Commissioner completed a mental status examination report, two psychiatric review technique forms, and a mental residual functional capacity assessment form, Aplt. App. at 263-64, 275-97. In addition, the ALJ had a consulting psychologist testify at the hearing, *id.* at 61-64, and the ALJ also completed a psychiatric review technique form based on the information provided by the medical consultants, Aplee. Supp. App. at 23-25. Although two of the Commissioner's consultants indicated that additional information is needed to fully evaluate Plaintiff's mental impairment, Aplt. App. at 61-64, 264, we

nonetheless conclude that the record before the ALJ contained sufficient information to evaluate Plaintiff's mental impairment for purposes of his disability claim.

Second, because one of the Commissioner's medical consultants found that Plaintiff is "markedly limited" in his ability to respond to detailed job instructions, *id.* at 283, we agree with Plaintiff that the ALJ may have overstated Plaintiff's ability to follow detailed job instructions when he informed the VE that Plaintiff has an "adequate" ability to respond to detailed job instructions, *id.* at 67. This error was immaterial, however, since the three jobs identified by the VE in response to the ALJ's hypothetical are all unskilled, *id.* at 67-68, and unskilled work requires only an ability to understand, carry out, and remember simple instructions, *see* Social Security Ruling 85-15, 1985 WL 56857, at *4. Likewise, because the Commissioner's medical consultant found only that Plaintiff's ability to respond to simple instructions is "not significantly limited," Aplt. App. at 283, the ALJ may also have overstated Plaintiff's ability to respond to simple instructions when he informed the VE that Plaintiff has an "unlimited ability" to respond to simple instructions, *id.* at 67. This error was also immaterial, however, because there is no evidence in the record that the jobs identified by the VE require any sort of heightened ability to respond to simple instructions.

Finally, the ALJ did not err by failing to include limitations caused by Plaintiff's pulmonary problems and his inability to deal with the general public in his hypothetical question. There is insufficient evidence in the record to support exertional limitations based on Plaintiff's pulmonary problems and no evidence that the jobs identified by the VE at step five require an ability to deal with the general public.

The judgment of the district court is AFFIRMED.

Entered for the Court

Harris L Hartz
Circuit Judge