**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHELLEY BALLARD,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 02-6368
(D.C. No. CIV-01-908-P)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**   *

---

Before **HARTZ** , Circuit Judge,   **BRORBY** , Senior Circuit Judge, and **TYMKOVICH** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

   *     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Shelley Ballard challenges the Social Security Commissioner's decision denying Ballard disability benefits. Ballard claims she has been disabled from her occupation as a nurse's assistant since August 1996 because of back problems. She suffers from degenerative disc disease and has undergone two surgeries to fuse several vertebrae in her lower back. The administrative law judge (ALJ) applied the statutory five-step analysis to determine disability. *See* 20 C.F.R. § 404.1520. The ALJ, at step five, found Ballard still had the ability to work as an order clerk, surveillance system monitor and diet clerk. The Appeals Council denied review, making the ALJ's denial the Commissioner's final decision. Reviewing only to determine whether there is substantial evidence to support the Commissioner's decision and whether the Commissioner correctly applied the law, *see Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003), we affirm the benefits denial.

I.

In August 1996, Ballard injured her back while working as a nurse's assistant. A magnetic resonance imaging indicated, among other things, a minimally bulging or herniated disc and a possible synovial cyst at the L5-S1 level. There was also evidence of degenerative disc disease between the L4-L5 and L5-S1 levels. Ballard received conservative treatment, including physical therapy and pain medication, for over nine months without any relief. Ballard then

-2-

underwent two separate surgeries, over the next few years, to fuse the affected vertebrae. Both surgeries initially reduced her back and leg pain significantly. But within six to eight months following each surgery, Ballard's pain returned. This led her orthopedic surgeon, Dr. Amundson, to "strongly suspect[]" that Ballard has suffered a "permanent nerve root injury complicated by perineural scarring or arachnoiditis." Appellant's app., vol. II at 527.

II.

In denying benefits, the ALJ found that Ballard retained the residual functional capacity (RFC) to perform sedentary work that did not require her to walk more than two blocks at a time, would permit her to alternate sitting and standing every thirty minutes, and would not require her to drive a car or perform "any repetitive movements such as bending, lifting, twisting, crouching, and kneeling." *Id.* at 15. *See generally* 20 C.F.R. § 404.1545(a) (disability claimant's residual functional capacity reflects what claimant can still do despite his or her impairment or combination of impairments). Ballard asserts, however, that in making this RFC determination, the ALJ failed to credit her treating physicians' opinions and Ballard's own testimony that she could not work.

The ALJ did fully credit Ballard's treating physicians' opinions as to her physical limitations, but did not credit their conclusion that Ballard could no longer work. The ALJ did not err in doing so. While "[t]he ALJ must give

-3-

'controlling weight' to the treating physician's opinion, provided that opinion 'is well-supported . . . and is not inconsistent with other substantial evidence[,]' . . . a treating physician's opinion is not dispositive on the ultimate issue of disability." *White v. Barnhart*, 287 F.3d 903, 907 (10th Cir. 2001) (quoting 20 C.F.R. § 404.1527(d)(2)); *see also* 20 C.F.R. § 404.1527(e)(1).

Here, Ballard's treating orthopedic surgeon, Dr. Amundson, in May 1999, indicated that Ballard should not lift more than ten pounds, could sit and stand for approximately thirty minutes, should not walk more than two blocks at a time without rest and should avoid repetitive bending, lifting, twisting crouching, and kneeling activities on a permanent basis. *See* Appellant's app., vol. II at 476. He reiterated those restrictions again in August 1999. *See id.* at 466. And, in July 2000, Ballard's general physician, Dr. Goossens also agreed with Dr. Amundson's opinion as to Ballard's physical restrictions. *See id.* at 522. The ALJ specifically incorporated those restrictions into the hypothetical question he posed to the vocational expert to elicit the expert's testimony that there were jobs existing in the economy that Ballard remained capable of performing. The only thing the ALJ did not credit was Drs. Amundson's and Goossens' further conclusion that these restrictions meant that Ballard was unable to perform any substantial and gainful work. *See id.* at 466, 522. But that disability determination is left to the ALJ to

make. *See* 20 C.F.R. § 404.1527(e)(1). *See generally id.* § 404.1505(a) (defining disability as "inability to do any substantial gainful activity").

Ballard further asserts, however, that the ALJ should have recontacted Dr. Amundson to clarify whether his opinion that Ballard's "sitting and standing tolerance is approximately 30 minutes," Appellant's app., vol. II at 466 (quoting May 27, 1999 clinical note), meant that she needed to alternate sitting and standing throughout a workday or, instead, that Ballard could only sit or stand a total of thirty minutes in a workday. "The Commissioner . . . must recontact a treating physician when the information the doctor provides is inadequate . . . to determine whether [the claimant is] disabled." *White*, 287 F.3d at 908 (quotation omitted). Here, however, even if Dr. Amundson's opinion is ambiguous, Ballard's general physician, Dr. Goossens, concurred with Dr. Amundson's assessment of Ballard's physical limitations and specifically noted that Ballard "is unable to sit, stand, or lay down for more than 30 minutes without having the ability to change[] positions." Appellant's app., vol. II at 522. That is sufficient to support the ALJ's RFC determination.

Further, Ballard's attorney acknowledged, at the administrative hearing, that Dr. Goossens' opinion essentially agreed with Dr. Amundson's opinion. *See id.* at 537-39. When, as here,

> the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel

> to structure and present claimant's case in a way that the claimant's claims are adequately explored. Thus, in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development.

*Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) (addressing whether ALJ had duty to develop record in that case).

Lastly, Ballard asserts that the ALJ erred in discrediting her complaints of disabling pain. No one disputes that Ballard suffers from an objectively established medical impairment capable of causing the pain of which she complains. *See Winfrey v. Chater*, 92 F.3d 1017, 1020 (10th Cir. 1996) ("Before the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain.") (quotation omitted). Nonetheless, the ALJ refused to credit Ballard's claims that this pain prevented her from working, in light of Ballard's daily activities. In relying on those daily activities, however, the ALJ declined to credit Ballard's testimony that, when she performed these activities, she had to lie down frequently throughout the day. The ALJ applied the appropriate legal standard to this credibility determination, *see, e.g., Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000), and gave specific reasons for discrediting Ballard's disabling-pain complaints, *see, e.g., White*, 287 F.3d at 909. And the evidence in the record supported those reasons. *See, e.g., id.* at 910. Because "credibility determinations

-6-

are peculiarly the province of the finder of fact, and should not be upset if supported by substantial evidence," *id.* at 909 (quotation omitted), we must uphold the ALJ's credibility determination.

For these reasons, then, we AFFIRM the judgment of the United States District Court for the Western District of Oklahoma upholding the Commissioner's decision denying Ballard disability benefits.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge