**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN PACE,

       Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

       Defendant-Appellee.

No. 03-5004
(D.C. No. 02-CV-7-M)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **HARTZ** , **BALDOCK** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant John Pace challenges the Commissioner's decision denying Pace disability and supplemental security income benefits. Pace alleged that he has been disabled, since September 1999, because of back, shoulder and knee problems, as well as his learning disability and low intelligence. The administrative law judge (ALJ), determined, however, at the fifth step of the relevant analysis, *see* 20 C.F.R. §§ 404.1520, 416.920, that Pace was still able to work as a bench assembler, fast food worker, clerical mailer and production assembler. Reviewing the ALJ's decision to determine only whether he applied the law correctly and whether there was substantial evidence to support his decision, *see Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003), we affirm.

The ALJ found that Pace suffered from three severe impairments: lower back pain, a learning disability and low intelligence. The ALJ, however, found incredible Pace's complaints that his back pain was disabling. Because the ALJ gave specific reasons for doing so and the record supports those reasons, we must defer to the ALJ's credibility finding. *See, e.g., White v. Barnhart*, 287 F.3d 903, 909-10 (10th Cir. 2001).

The ALJ, then, determined that Pace retained the residual functional capacity (RFC) to perform light work, defined in part as "lifting no more than 20 pounds at a time," frequently "lifting or carrying . . . objects weighing up to 10 pounds," and possibly requiring "a good deal of walking or standing," 20 C.F.R.

§§ 404.1567(b), 416.967(b). In addition, the ALJ found that Pace's ability to do light work was further limited because he could only walk, stand or sit for six hours out of an eight-hour workday, perform simple tasks, and stoop occasionally. In making this RFC determination, however, the ALJ rejected the opinion of Pace's treating physician, Dr. Rudolph Wolf, that Pace could only sit, stand or walk for one hour, occasionally lift and carry up to ten pounds, had a limited ability to use either hand for repetitive movements, could occasionally bend, but never squat, crawl, climb or reach, and his ability to drive was mildly restricted, as was his ability to be around marked changes in temperature and humidity, as well as dust and fumes. The ALJ rejected Dr. Wolf's opinion after erroneously finding that he had not treated Pace since the date Pace alleged he had become disabled. In fact, Dr. Wolf had treated Pace several times after the alleged onset of Pace's disability. Nonetheless, the record supports the ALJ's ultimate decision to discount Dr. Wolf's RFC evaluation. Dr. Wolf had not examined or treated Pace during the entire year preceding the doctor's RFC evaluation. And Dr. Wolf's treatment notes do not support the functional restrictions Dr. Wolf later found. Nor do the rest of Pace's medical records. And Dr. Wolf himself does not specify on what medical findings he based this RFC evaluation. Because Dr. Wolf's opinion was not well supported and was, in fact, inconsistent with the record as a whole, therefore, the ALJ did not have to afford that opinion

controlling weight. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d); *see also, e.g.,* *Doyal*, 331 F.3d at 762.

Pace next argues that the ALJ erred by minimizing the effect his depression and social phobia had on his ability to work. The ALJ properly afforded the social-phobia diagnosis "minimal weight" after finding that the counselor making that provisional diagnosis was not an acceptable medical source. R. vol. 2 at 18; *see* 20 C.F.R. §§ 404.1513(a), 416.913(a) (listing "acceptable medical sources" who can give evidence establishing claimant has "medically determinable impairment(s)"); *cf. Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (upholding ALJ's rejecting treating chiropractor's opinion, noting chiropractor was not included in list of "acceptable medical sources"). And the ALJ did not completely disregard the social-phobia diagnosis. *See id.* §§ 404.1513(d), 416.913(d) (ALJ can consider evidence from sources other than "acceptable medical sources" when considering severity of claimant's impairments). Further, the record supports the ALJ's determination that these mental impairments only mildly restricted his functional abilities.

Lastly, Pace argues the ALJ failed to consider the combined effect of his impairments. Although the Commissioner argues Pace waived this argument by failing to raise it in the district court, Pace did sufficiently raise this argument in

his initial brief before that court. *See* R. vol. 1 at 10-11. Nonetheless, this argument is unavailing.

Furthermore, although Pace specifically asserts the ALJ failed to consider Pace's weakened grip, when the ALJ considered all Pace's impairments, there is no evidence in the record supporting Pace's claim that he has trouble with his grip. *See, e.g., Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (holding ALJ, in making RFC assessment, did not err in excluding claimant's inability to perform repetitive hand motions, where record contained no evidence of any such limitation). While Pace did testify that he dropped things, this was, according to Pace, the result of his back hurting when he picked up things, rather than a weakened grip. *See* R. vol. 3 at 435.

Furthermore, although Pace argues the ALJ should have obtained the records from his earlier disability proceeding, the ALJ expressly informed Pace's attorney that she needed to obtain and submit any relevant medical records. *See id.* at 432-33. The attorney agreed to do so, *see id.,* and never asserted that she had any trouble trying to get those records. *See Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) (noting "ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored"). Under these circumstances, we reject Pace's assertion now that the ALJ should have obtained those records.

The judgment of the district court, therefore, is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge