**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHELE T. WEISS,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 03-2128
(D.C. No. CIV-01-1427 MV/ACT)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Michele T. Weiss appeals the district court's order[1] affirming the Commissioner's determination to cease her social security disability benefits on the ground that medical improvement in her condition terminated her eligibility. She claims disability from lupus, major depression, dysthymic disorder, anxiety and obsessive-compulsive behaviors. We affirm.

Ms. Weiss received benefits from December of 1979 until October of 1998 because she suffered from lupus and related conditions. After the Commissioner notified her that she was no longer considered disabled, she requested reconsideration and eventually received a hearing before an administrative law judge (ALJ). She asserted that her mental disorders were disabling, especially in conjunction with her continuing physical challenges associated with lupus. The ALJ found that Ms. Weiss' lupus was in remission and that her mental impairments did not significantly erode her capacity to perform sedentary work. Accordingly, the ALJ determined that her disability ceased in October of 1998.

On appeal, Ms. Weiss claims (1) the ALJ failed to assess properly the severity of her mental impairments; (2) the ALJ should have obtained evidence from a vocational expert, but instead, improperly applied the grid, 20 C.F.R. Pt. 404, subpt. P, App. 2, rules 201.18 & 201.21; (3) the ALJ failed to give controlling weight to her treating physician's opinion; and (4) the ALJ

---

[1]     The parties proceeded before a magistrate judge.     *See* 28 U.S.C. § 636.

erroneously applied the medical improvement standard because the evidence did not demonstrate that her medical condition had improved.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994). We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000). The Commissioner's decision to terminate benefits must be based on

> a finding that the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling [and must be] supported by –
>
> (1) substantial evidence which demonstrates that –
>
> (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and
>
> (B) the individual is now able to engage in substantial gainful activity . . . .

42 U.S.C. § 423(f). Medical improvement is defined as

> any decrease in the medical severity of [the] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the] impairment(s).

20 C.F.R. § 404.1594(b)(1); *accord Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, we affirm the denial of benefits for the reasons stated in the magistrate judge's January 17, 2003 recommendation, as adopted by the district court.

The judgment of the district court is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge