FILED
United States Court of Appeals
Tenth Circuit

July 1, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WANDA S. HARPER,

      Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,[*]

      Defendant-Appellee.

No. 12-5138
(D.C. No. 4:11-CV-00201-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **BRISCOE**, Chief Judge, **McKAY** and **O'BRIEN**, Circuit Judges.

Wanda S. Harper appeals from the district court's order upholding the

Commissioner's denial of her applications for Disability Insurance Benefits and

---

[*]     In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in this action.

[**]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Supplemental Security Income payments. Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm.

I.

Harper filed for benefits in 2008. The administrative law judge ("ALJ") denied her application at steps four and five of the sequential evaluation process. *See Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010) (describing five-step process). The ALJ found at steps one through three that Harper has the severe impairments of diabetes mellitus and status post amputation of left fourth toe. However, he found that Harper's impairments, singly or in combination, did not meet the criteria to be considered presumptively disabled. The ALJ then concluded that Harper had the residual functional capacity ("RFC") to perform the full range of light work and that she was able to perform her past relevant work as a short order cook. The ALJ also made an alternative finding at step five that Harper possessed the RFC to perform light work that is available in significant numbers in the national economy, identifying positions of unskilled, light jobs as well as unskilled, sedentary work. The ALJ therefore determined that Harper was not disabled. The Appeals Council denied review and a magistrate judge, presiding pursuant to 28 U.S.C. § 636(c)(1), and hereinafter referred to as the "district court," affirmed the Commissioner's decision.

II.

On appeal, Harper contends the ALJ committed the following errors: (1) the ALJ deprived Harper of her due process rights when a consultative examiner ("CE") relied upon documents not included in the record; (2) the ALJ failed to include all impairments, namely depression and low back pain, at steps four and five of the evaluation process; (3) the ALJ failed to properly evaluate Harper's medical source evidence; and (4) the ALJ improperly performed a credibility determination.

"We review the Commissioner's decision to determine whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson*, 602 F.3d at 1140. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks omitted). "We may neither reweigh the evidence nor substitute our judgment for that of the agency." *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000) (internal quotation marks omitted).

A.

Harper argues that her procedural due process rights were violated when the CE reviewed her records from the Oklahoma State Courts Network ("OSCN") and the Oklahoma Department of Corrections ("ODOC") but did not include such documents in the record. She asserts that the Appeals Council could not properly review whether substantial evidence supported the ALJ's decision if the record was incomplete. We disagree.

- 3 -

First, the absence of Harper's court and prison documents does not mean that her social security record is incomplete. The CE's report represented an "integration of information," Aplt. App., Vol. III at 247, comprised of Harper's medical records, an interview with her, and the criminal records. There is no suggestion, however, that the criminal records contained relevant medical records that impacted the CE's conclusions in his report. On the contrary, it appears from the CE's report that the criminal records simply provided context and gave the CE knowledge about what specific periods of time Harper was incarcerated. Harper nevertheless contends that the records "presumably" contain new, material, and chronologically relevant evidence for the Appeals Council to review. Aplt. Br. at 22. But Harper fails to demonstrate how criminal records preceding the relevant time period by at least six years are either material or chronologically relevant to the CE's and ALJ's conclusions about Harper's mental health.

Nor does Harper support her conclusory allegation that she was prejudiced by the absent documents. *See Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997) (holding that courts may require the claimant to show prejudice by establishing missing evidence would have been important in resolving the claim). She contends that the criminal documents could have provided record support to the ALJ that her depression caused more than a mild limitation. But this is unfounded. Harper provides no indication that her criminal records contain relevant information about her mental health. Moreover, during Harper's interview with the CE in 2008, she

reported no prior mental health treatment beyond her three-year treatment for anxiety. She was incarcerated from 1999-2002. Thus, there is no reason to believe her criminal records from six years before that interview contained any relevant mental health information. Harper has failed to demonstrate her due process rights were violated.

B.

Harper next argues that the ALJ failed to consider that her depression and low back pain were impairments and, consequently, did not properly analyze the limiting effects of such impairments at stages four and five of the sequential evaluation process.

Harper's contentions that the ALJ did not consider her depression and low back pain are misplaced. The ALJ indeed addressed and considered both, but found they did not cause limitations sufficient to impede her ability to perform her past work as a short order cook and, alternatively, light sedentary work. For example, with respect to her depression, the ALJ noted her symptoms but found that Harper has no limitations in social functioning, and gave supporting evidence such as the fact that she shops for groceries and visits with her family. The ALJ further found only a mild limitation in Harper's concentration, persistence, and pace. He supported this finding with evidence that Harper had no significant impairments transferring newly-learned information to long term memory and her thought process was logical and coherent.

- 5 -

Likewise, regarding Harper's allegations of low back pain, the ALJ noted her herniated L4-L5 disc that she suffered during an injury in 1996 as well as her complaints of pain since then. However, the ALJ also noted that there were no radiology reports to support Harper's allegation that she has degenerative disc disease, and that the 1996 injury did not impair her ability to continue working until her alleged onset date in 2008. The ALJ further identified a consultative examination in 2008 in which Harper had full range of motion in her spine and "moved about the exam room easily," Aplt. App., Vol. II at 23, and moved all extremities well. Like Harper's depression, the ALJ concluded that the record demonstrated Harper's low back pain is "not severe enough to prevent the claimant from participating in substantial gainful activity." *Id*. at 24. It is evident that the ALJ fully considered both Harper's depression and low back pain, but decided that they did not amount to significant impairments. And because substantial evidence supports the ALJ's conclusions about the two alleged limitations, he was not required to include them in his RFC assessment or hypothetical questioning of the vocational expert.

C.

Next, Harper argues that the ALJ failed to properly evaluate her medical source evidence when the ALJ did not include the GAF assessment of Dr. Jeffrey Cates. Dr. Cates assigned Harper a GAF of 49, indicating serious symptoms of depression that may include an inability to hold a job. *See* Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. Text Revision

2000).  Harper also alleges the ALJ incorrectly stated that Harper stopped taking medication for her depression with "no indication in the record of alternate prescriptions for treatment."  Aplt. App., Vol. II at 19.  In fact, shortly after Harper stopped taking the medication prescribed by Dr. Cates, she was prescribed a different medication for sleep, depression, and anxiety by another physician.  Harper contends that such errors and omissions amount to an improper evaluation of the evidence.

We conclude that the ALJ's omission and alleged error do not amount to reversible error.  *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-1163 (10th Cir. 2012) (applying harmless error analysis where even if the ALJ had given proper consideration to the medical source evidence, the court held it "would not have helped [the claimant].").  It is apparent that the ALJ did not discount Dr. Cates' treatment in his decision because he noted that Harper received prescriptions for Cymbalta (for depression) and Ambien (for poor sleep) on September 1, 2009.  That was the date Harper received treatment from Dr. Cates.

Nor does Harper demonstrate that she was prejudiced by the alleged errors.  Dr. Cates' report does not identify anything specific that would indicate Harper had serious limiting effects aside from the GAF score of 49.  Indeed, the GAF score is not linked to any particular symptoms at all.  "While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002).  And as identified above, the ALJ did not ignore Harper's depression or its effect on her.  Rather, he

took note of the symptoms and then identified specific medical evidence that indicated her symptoms did not have a severe limiting effect on Harper's ability to work, such as normal thought process; normal limits with orientation to time, place, person, and purpose; and no significant memory impairments. There are no symptoms in Dr. Cates' report that undermine those findings. We therefore conclude that the ALJ's alleged errors did not amount to reversible error because he considered Dr. Cates' treatment, the report did not contain any evidence of a specific limiting effect of Harper's depression, and substantial evidence still supports the ALJ's findings.

D.

Lastly, Harper argues that the ALJ failed to perform a proper credibility determination. She claims the ALJ failed the substantial evidence test by mischaracterizing and ignoring evidence that was favorable to her. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (internal quotation marks omitted). But "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Id.* (brackets and internal quotation marks omitted).

After examining the record, we are persuaded that the ALJ's findings are closely and affirmatively linked to substantial evidence. The ALJ gave specific

reasons for his credibility finding, particularly regarding the "intensity, persistence, and limiting effects" of the symptoms related to Harper's low back and foot pain. Aplt. App., Vol. II at 22. For instance, the ALJ noted the lack of radiology reports substantiating degenerative disc disease, the fact that she continued to work long after the incident during which she injured her back, and the medical evidence that Harper could move well and resume normal activities.

Harper points out that no treating physician opined she could work full time or reported that her complaints were exaggerated. She also lists pieces of evidence supporting a finding of disability that the ALJ did not discuss in his credibility analysis. But the ALJ need not provide a factor-by-factor recitation of the evidence when analyzing the claimant's credibility. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ employed the correct legal standards in his credibility finding, which is supported by substantial evidence. We decline Harper's invitation to reweigh the evidence to substitute our judgment for that of the Commissioner. *See Hackett*, 395 F.3d at 1173.

The judgment of the district court is affirmed.

Entered for the Court

Mary Beck Briscoe
Chief Judge
