**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARTY COLEMAN,

      Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,[*]

      Defendant-Appellee.

No. 12-5189
(D.C. No. 4:07-CV-00249-CVE-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **HOLMES**, **HOLLOWAY**, and **BACHARACH**, Circuit Judges.

Pro se plaintiff Marty Coleman appeals from a judgment of the district court

that affirmed the Commissioner's decision to deny restoration of his disability

insurance benefits. In so ruling, the court adopted the recommendation of the

---

[*]     In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in this action.

[**]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

magistrate judge. Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm.

Mr. Coleman is an involuntary patient at a mental health institution in the State of Oklahoma. He was sent to the facility in the early 1980s after being adjudicated not guilty by reason of insanity related to several felony offenses. Mr. Coleman applied for and was granted disability insurance benefits in the late 1980s. In the mid-1990s, Congress changed the law to cut off such benefits for individuals who are confined in an institution at public expense in connection with a finding of not guilty by reason of insanity. 42 U.S.C. § 402(x)(1)(A). Nonetheless, Mr. Coleman sought restoration of his benefits under the theories that § 402(x)(1)(A) is a bill of attainder and *ex post facto* law, and that the statute violates the double jeopardy clause of the United States Constitution. Moreover, he argued that he was entitled to benefits before the late 1980s because a note card at the institution allegedly indicated that his application should have been filed at an earlier date. Mr. Coleman also tacked on a claim for disabled adult child benefits.

An administrative law judge (ALJ) conducted a hearing on January 15, 2010, at which Mr. Coleman testified. The ALJ issued a decision on February 10, 2010, in which he denied Mr. Coleman's claims. The appeals council denied review and the district court adopted the magistrate judge's report and recommendation to uphold the ALJ's decision.

Our task is to review the Commissioner's decision to ascertain whether it is supported by substantial evidence in the record and to evaluate whether the correct legal standards were applied. *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks omitted).

In a thorough report and recommendation dated October 1, 2012, the magistrate judge analyzed each of Mr. Coleman's claims using the same standard that governs our review. We have reviewed the briefs, the record, and the applicable law, and conclude that the magistrate judge's analysis is correct. We see no reason to repeat that analysis here.

The judgment of the district court is affirmed.

Entered for the Court
Per Curiam