**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DELMAR JEROME SUTTLES,

      Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,[*]

      Defendant - Appellee.

No. 13-5041
(D.C. No. 4:11-CV-00532-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **BRISCOE**, Chief Judge, **ANDERSON**, Circuit Judge, and **BRORBY**, Senior
Circuit Judge.

Plaintiff Delmar Jerome Suttles appeals from a district court order, issued by a

magistrate judge under 28 U.S.C. § 636(c), affirming the Commissioner's decision to

---

[*]     In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure,
Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in
this action.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

deny social security disability and supplemental security income benefits. We

independently review the Commissioner's decision to determine whether it is free of

legal error and supported by substantial evidence, *Krauser v. Astrue*, 638 F.3d 1324,

1326 (10th Cir. 2011), and affirm for the reasons explained below.

## I. THE AGENCY DECISION

The Administrative Law Judge (ALJ) denied benefits at step four of the

five-step sequence for determining disability. *See Wall v. Astrue*, 561 F.3d 1048,

1052 (10th Cir. 2009) (summarizing steps). At step one the ALJ confirmed that

Mr. Suttles had not engaged in substantial gainful activity since October 26, 2008,

the alleged onset date. At step two the ALJ found Mr. Suttles "has the following

severe impairments: right knee pain; diabetes mellitus; hypertension and history of

lacunar stroke." App. Vol. 2 at 16. The ALJ also noted "a medically determinable

impairment[] of depression," but found it did "not cause more than a minimal

limitation in the claimant's ability to perform basic mental work activities and [is]

therefore nonsevere." *Id.* at 17. At step three the ALJ held that Mr. Suttles'

condition did not meet or equal any of the presumptively disabling impairments listed

in 20 C.F.R. Pt. 404, Subpart P, App. 1. The ALJ then found Mr. Suttles has the

residual functional capacity (RFC) for a full range of sedentary work. Based on

testimony from a vocational expert (VE), the ALJ concluded that Mr. Suttles could

return to his past relevant work as a computer customer-service representative and,

accordingly, denied disability at step four.

## II. CHALLENGES TO THE AGENCY DECISION

Mr. Suttles raises two issues relating to the analysis of his depression at step four. First, he contends the ALJ's consideration of this impairment improperly ended at the step-two finding of non-severity, leading the ALJ to disregard its potential effect on RFC and omit if from the VE inquiry underlying the denial of disability at step four. He also notes in this regard that the ALJ himself found at step two that the impairment posed a demonstrable, albeit mild, limitation in the "functional area [of] concentration, persistence or pace," App. Vol. 2 at 17, yet did not include this limitation at step four. Second, he contends the ALJ failed to delineate the relevant mental demands of his past work and compare them to the limitation imposed by his depression, relying instead on the conclusory opinion of the VE that he could perform the work, contrary to *Winfrey v. Chater*, 92 F.3d 1017, 1023-25 (10th Cir. 1996). As explained below, we reject Mr. Suttles' objections to the ALJ's RFC determination, which in turn undercuts his objection to the ALJ's use of the VE.

In *Wells v. Colvin*, 727 F.3d 1061 (10th Cir. 2013), this court discussed the regulatory directives that require an independent step-four assessment of mental impairments found medically determinable but non-severe at step two. We noted that at step two the ALJ rates the degree of limitation resulting from all medically determinable mental impairments in four broad functional areas, including, as relevant here, "concentration, persistence, or pace." *Id.* at 1068 (quoting 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3)). Ratings that fall short of specified levels

dictate a finding of "not severe." *Id.* (quoting 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1)). But "[a] conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Id.* at 1068-69. Rather, "[i]n his RFC assessment, the ALJ must consider the combined effect of all medically determinable impairments, whether severe or not." *Id.* at 1069 (citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2)). Mr. Suttles contends that, as in *Wells*, the ALJ here improperly disregarded his mental impairment at step four after finding it non-severe at step two. We disagree.

After finding Mr. Suttles' depression non-severe at step two, the ALJ recognized that a distinct mental RFC assessment was still required at step four:

> The limitations identified . . . [at step two] are not a residual functional capacity assessment, but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing functions contained in the broad categories . . . [previously considered at steps two and three].

App. Vol. 2 at 17. At step four, the ALJ discussed evidence relating to depression and then pointedly omitted any limitation associated with that mental impairment on the RFC (a full range of sedentary work), though the ALJ admittedly could have been more explicit in tying the former discussion to the latter conclusion. Significantly, the ALJ did not make any ancillary statement, like that made by the ALJ in *Wells*, affirmatively suggesting an improper conflation of the step-two and step-four

- 4 -

assessments. *See* 727 F.3d at 1069 (noting "language used [that] suggests that the ALJ may have relied on his step-two findings to conclude that [the claimant] had no [RFC] limitation based on her mental impairments"). Taking "common sense, not technical perfection, [a]s our guide," *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012), we hold that the ALJ conducted a mental RFC assessment separate from the non-severity determination made at step two.

Of course, that is not to say the step-four assessment was necessarily supported by substantial evidence, but Mr. Suttles has not presented an adequately developed challenge to that aspect of the ALJ's decision. Save for two patently meritless objections,[1] he does not challenge particular aspects of the ALJ's discussion of the evidence, nor cite to specific evidence in the record that the ALJ should have but did not address. Rather, he objects only in conclusory terms that his non-severe mental impairment was "not considered in the hypothetical to the VE or in the ALJ's RFC." Aplt. Br. at 18. As explained above, the ALJ did consider the impairment at the RFC stage, and its omission from the hypothetical to the VE is a proper consequence of the ALJ's determination that it did not have an effect on RFC.

---

[1]     One is that the ALJ improperly relied solely on his opinion that the objective medical evidence did not support depression—an objection based on a purported quotation from the ALJ's decision that actually never appears there. *See* Aplt. Br. at 18-19. In any event, the ALJ's RFC discussion clearly addresses both medical and nonmedical evidence. The other objection refers to a statement from a State agency reviewer reciting that Mr. Suttles had suicidal thoughts and other symptoms attributed to a major depressive disorder. *See id.* at 19 (citing App. Vol. 3 at 341). The citation is actually to a treatment note reciting that Mr. Suttles denied suicidal thoughts and reported only that he felt depressed due to financial stress.

Mr. Suttles also objects that the ALJ omitted from the RFC assessment a mild limitation found at step two regarding concentration, persistence, or pace. However, this court has repeatedly held, albeit in unpublished decisions, that mental limitations noted in the threshold inquiry at steps two and three do not apply at later steps. *Beasley v. Colvin*, 520 F. App'x 748, 754 (10th Cir 2013); *DeFalco-Miller v. Colvin*, 520 F. App'x 741, 747-48 (10th Cir. 2013). While these decisions are not binding, they are persuasive and we follow the same reasoning here. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

In sum, the ALJ's RFC determination that Mr. Suttles can perform a full range of sedentary work has not been successfully challenged. That conclusion fatally undercuts Mr. Suttles' objection to the VE inquiry underlying the denial of disability at step four. Such an inquiry is sufficient if "it contain[s] all of the limitations found to exist by the ALJ." *Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000). That was the case here. And since there was no recognized limitation regarding Mr. Suttles' mental functioning, there could be no error in failing to flesh out the mental demands of his past work to compare with such a limitation under the *Winfrey* process.

The order of the district court upholding the Commissioner's decision to deny benefits is affirmed.

Entered for the Court

Mary Beck Briscoe
Chief Judge

- 6 -