**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 27, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GREGG ALLEN,

     Plaintiff - Appellant,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social
Security Administration,

     Defendant - Appellee.

No. 15-4180
(D.C. No. 2:14-CV-00904-DBP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Gregg Allen appeals from the district court's decision affirming the

Commissioner's denial of his application for disability benefits. Exercising

jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

The question before the agency was whether Mr. Allen was disabled between

his alleged onset date of May 1, 2008, and his date last insured of December 31,

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

2012. At step one of the familiar five-step sequential evaluation process, *see Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010), the administrative law judge (ALJ) found that Mr. Allen had not engaged in substantial gainful activity during this period. At step two, the ALJ found that he suffered from the severe impairments of an affective disorder, an anxiety-related disorder, and a personality disorder. At step three, the ALJ concluded that Mr. Allen did not meet or medically equal the severity of a listed impairment. Then the ALJ assessed Mr. Allen with the residual functional capacity (RFC) to perform medium work, with the following mental RFC:

> He is not significantly limited in his ability to understand, remember and carryout job instructions, and can understand, remember and carryout detailed instructions. He is not impaired in his ability to make work related plans and goals. He is able to interact with supervisors and coworkers, but should have only brief and superficial interactive contact with the public. He is not limited in his ability to deal with changes in the routine work setting.

Aplt. App., Vol. 2 at 31. Based on testimony from a vocational expert (VE), the ALJ concluded that Mr. Allen was capable of performing his past relevant work as a computer programmer. He therefore denied benefits at step four. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision, and the district court (a magistrate judge presiding by consent of the parties) affirmed.

## DISCUSSION

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson*, 602 F.3d at 1140. "Substantial evidence is

2

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). "We may neither reweigh the evidence nor substitute our judgment for that of the agency." *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000) (internal quotation marks omitted).

Mr. Allen raises the following arguments on appeal: (1) the ALJ erred in failing to consider all of the relevant listings; (2) in assessing the RFC at step four, the ALJ failed to account for limitations on concentration, persistence, and pace that he had previously acknowledged at step three; and (3) the ALJ failed to adequately question the VE with regard to concentration and the effects of impediments to concentration. We generally agree with the district court's assessment of these claims and rather than repeat that analysis here, we affirm for substantially the reasons stated, with one clarifying comment.

At step three, the ALJ's decision identifies the relevant listings as 12.04 (affective disorders) and 12.08 (personality disorders). Mr. Allen argues that the ALJ committed reversible error in failing to consider listing 12.06 (anxiety-related disorders). In rejecting this argument, the district court first held that "the ALJ's opinion appears to suffer a typographical error, rather than an analytical error." Aplt. App., Vol. 1 at 64. We agree with this assessment. Although the ALJ did not explicitly identify listing 12.06, it is clear that he did not overlook Mr. Allen's anxiety disorder at step three. To the contrary, he explicitly mentioned anxiety during this portion of the discussion. Further, he relied on the testimony of the testifying medical expert, whose opinion considered all three listings in combination.

3

"Where, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal. In conducting our review, we should, indeed must, exercise common sense." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). Because we affirm on the district court's conclusion that there was no error regarding this point, we need not consider the alternative harmless-error discussion.

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court


Jerome A. Holmes
Circuit Judge