**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KRISTY M. SAYLES,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,

        Defendant-Appellee.

No. 07-5142
(D.C. No. 06-CV-413-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **GORSUCH**, Circuit Judges.

Kristy M. Sayles appeals the district court's order upholding the

Commissioner's denial of her application for social security disability insurance

and supplemental security income benefits. We exercise jurisdiction under

28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

* * *

In her social security application, Ms. Sayles alleged disability[1] since November 15, 2001, due to bipolar disorder, depression, bulimia, anxiety, acid reflux, migraines, insomnia, lesions in her mouth, allergies, and an inability to concentrate.  Her application was denied initially and on reconsideration.  At her request, an administrative law judge ("ALJ") held a hearing at which Ms. Sayles and a vocational expert ("VE") testified.  The ALJ held the record open following the hearing to receive additional medical evidence.  Thereafter, the ALJ determined that Ms. Sayles could not perform her past work, but she retained the residual functional capacity ("RFC") to perform other work in the national economy despite her limitations.  Accordingly, he denied benefits at step five of the five-part sequential evaluation process.  *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing five steps).

The Appeals Council denied Ms. Sayles's request for review, making the ALJ's decision the final decision of the Commissioner.  *Jensen v. Barnhart*, 436 F.3d 1163, 1164 (10th Cir. 2005).  The district court affirmed the

---

[1]    In this context, "disability" requires both an "inability to engage in any substantial gainful activity" and "a physical or mental impairment, which provides reason for the inability."  *Barnhart v. Walton,* 535 U.S. 212, 217 (2002) (quotation omitted).  The impairment must be a "'medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .'"  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (quoting 42 U.S.C. § 423(d)(1)(A) (further quotation omitted)).

Commissioner's decision,[2] and Ms. Sayles now appeals to this court, raising three arguments: (1) the ALJ improperly evaluated her treating physicians' opinions, (2) the ALJ did not credit the VE's response to the hypothetical question posed by her attorney, and (3) the record does not support a conclusion that she can sustain employment. We address each in turn.

1. Ms. Sayles argues that the ALJ improperly disregarded a June 1, 2005, mental status evaluation prepared by her treating physician Dr. Delia indicating that her work-related abilities were "markedly" limited in all areas. By regulation, the ALJ was required to give "controlling weight" to this opinion from Ms. Sayles's treating physician unless it was contrary to medical evidence or inconsistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). In this case, the ALJ determined that Dr. Delia's June 1 evaluation was both contrary to medical evidence, as well as inconsistent with the record as a whole.

First, the ALJ found that Dr. Delia's June 1 opinion conflicted with the other psychological evidence. In an April 13, 2003, mental status evaluation completed by treating physician Dr. Sokkar, Ms. Sayles's limitations were rated as "moderate." Aplt. App. Vol. 2, at 192-93. The form defines a "moderate limitation" as one that "[a]ffects but does not preclude ability to function." *Id.* at

2    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c)(1), (3).

-3-

192. The ALJ also considered the opinions of two State agency medical consultants who reviewed Ms. Sayles's records.[3] Both opined that Ms. Sayles was moderately limited in the ability to understand and remember detailed instructions and the ability to carry out detailed instructions, and moderately or markedly limited in her ability to interact appropriately with the public. *Id.* at 125, 139-40 (Janice B. Smith, Ph.D., 6-11-03); *id.* at 199-203 (Margaret McKinney, Ph.D., 12-30-03). One of them further indicated that Ms. Sayles was moderately limited in the ability to maintain attention and concentration for extended periods. *Id.* at 200.

Second, the ALJ determined that Dr. Delia's opinion conflicted with other record evidence, specifically Ms. Sayles's treatment notes for the dates between the April 2003 treating physician's assessment and the one dated June 2005. The ALJ observed that those records "generally indicate[d] that [Ms. Sayles] was doing well on her medication" and showed no "increase of symptoms or decline in functioning for any sustained period." *Id.* at 18.

In declining to give Dr. Delia's opinion controlling weight, the ALJ thus properly followed the prescribed regulatory process for doing so and, given the

---

[3]     The ALJ properly acknowledged that while these State agency physicians had not examined or treated Ms. Sayles, they had reviewed her medical records, they were psychologists familiar with the social security disability program, and their opinions were consistent with the other evidence. *See* 20 C.F.R. § 404.1527(d)(1), (3)-(6); *id.* § 416.927(d)(1), (3)-(6).

evidence he cited, we are unable to say his cited reasons for doing so are bereft of substantial evidence. "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). *See also Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating ALJ "provided good reasons" for giving little weight to treating physicians' opinions: they did not consider contrary evidence and they conflicted with well-supported medical evidence to the contrary); *White v. Barnhart,* 287 F.3d 903, 908 (10th Cir. 2001) (stating sufficient reasons to disregard physician's opinion included lack of support for findings, opinion was inconsistent with other medical opinions, and treatment relationship with claimant was relatively brief).

2. Ms. Sayles next asserts that the ALJ incorrectly assessed her RFC at step five, and as a result, he erred in finding that she had the capacity to perform jobs existing in significant numbers in the national economy.[4] She complains that

---

[4] The record indicates that the ALJ may have taken out of context Ms. Sayles's description of her activities and abilities to support his conclusion that her abilities were only moderately limited. The ALJ relied heavily on Ms. Sayles's Disability Supplemental Interview Outline for his determination that she could function (including caring for pets, doing cleaning and laundry, and visiting friends), but he disregarded other evidence in that document suggesting that Ms. Sayles could not function (including daily activity limited to sleeping, eating, and purging; taking a week to clean her room and bathroom; going several days without showering). Nevertheless, this issue was not preserved for appeal, so we do not consider it. *See Murrell v. Shalala*, 43 F.3d 1388, 1389-90 (10th Cir. 1994) (declining to consider issue not argued on appeal).

the ALJ did not credit the VE's response to the hypothetical question posed by her attorney, in which he opined that a person would not be able to maintain work if her concentration "was interfered with often up to 50% of the day," Aplt. App. Vol. 2, at 289.

The ALJ was not required to accept this opinion, however, because the record does not establish the limitation on concentration assumed in the attorney's hypothetical. *See Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (holding ALJ did not err in rejecting VE's opinion based on claimant's testimony where record did not establish limitations described by claimant). Rather, the hypothetical posed by the ALJ included the "moderate" limitations set forth in the psychological reports described above, which the ALJ reasonably credited. The ALJ then included those limitations in his RFC assessment. Accordingly, "the VE's answer to [the ALJ's hypothetical] question provided a proper basis for the ALJ's disability decision." *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000).

3. Finally, and in further support of her contention that the ALJ incorrectly assessed her RFC at step five, Ms. Sayles contends that, even if she could *find* a job, the record does not contain substantial evidence that she would be able to *keep* it. Specifically, Ms. Sayles points us to the VE's testimony that "marked" limitations in two areas – the ability (1) "to perform activities within a schedule, regular attendance and be punctual," and (2) "to complete a normal workday and

-6-

work week without interruptions from psychologically based symptoms and to perform at a consistent pace" – "reflect what's happened to her in the past about these jobs," and that she would likely have a similar future pattern of changing jobs and needing help getting a job. Aplt. App. Vol. 2, at 291-92. Ms. Sayles argues that this evaluation of her "marked" inability to perform in key job-retention areas "is in evidence and the ALJ has not impeached it." Aplt. Reply Br. at 13.

This argument is simply another gloss on Ms. Sayles's disagreement with the ALJ about the severity of her impairments. As we have already indicated, *see supra* Part 1, substantial evidence supports a conclusion that Ms. Sayles suffered from only moderate, not marked, impairments; the record evidence to which Ms. Sayles points us does not alter this conclusion.

First, the VE's testimony on which Ms. Sayles relies refers to what "marked" limitations in two areas would mean to one's ability to hold a job. This, however, reflects a hypothetical that goes beyond the limitations the ALJ accepted as true. The ALJ specifically found that Ms. Sayles's limitations were moderate, not marked – two entirely different things in a Mental Residual Functional Capacity Assessment ("MRFC"). *See* Aplt. App. Vol. 2, at 18; *see also supra* Part 2; *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990) (ALJ need not accept a VE's answer to a hypothetical where the impairments posed go beyond those which have been accepted as true by the ALJ). Indeed, the VE

himself concluded that *moderate* limitations in the two areas he identified "would not rule out employment." Aplt. App. Vol. 2, at 291.

Second, the ALJ expressly found that Ms. Sayles retained the capacity "to remain attentive and responsive in a work setting, and could carry out normal work assignments satisfactorily," *id.* at 21, findings that go directly to the ability to hold, not just obtain, a job. In doing so, the ALJ relied in part on two MRFCs. The first of these found Ms. Sayles to have moderate (not marked) limitations in the very two areas related to job retention she has identified. *See id.* at 192 (questions B-7 & B-11). And the term "moderate," in turn, is defined as "[a]ffects but does not preclude ability to function." *Id.* This plainly suggests, consistent with what the VE testified about moderate limitations, that Ms. Sayles retained the "ability to function" in the specific job-retention areas she has identified.

Third, the other MRFC also credited and relied upon by the ALJ, *see supra* Part 1, and undertaken two months after the first, further supports this conclusion. In both the ability "to perform activities within a schedule . . . " and "to complete a normal work-day and work week . . . ," *id.* at 139-40, the MRFC reflects that Ms. Sayles's residual capacities were "not significantly limited," let alone "moderately" limited, as the ALJ found, *id.* at 139-40. The medical consultant went on to conclude that Ms. Sayles "is able to complete a normal work day and

work week from a mental standpoint, and she can adapt to a work setting." *Id.* at 140.

In the face of such evidence, we cannot help but conclude that there is substantial evidence in this record that Ms. Sayles can find *and* sustain employment. The fact a different conclusion could have been reached based on the record before us does not prevent a conclusion that substantial evidence exists to support the ALJ's decision. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.") (internal quotation marks, brackets, and citation omitted).

* * *

The judgment of the district court is affirmed.

Entered for the Court

Neil M. Gorsuch
Circuit Judge

-9-