FILED
United States Court of Appeals
Tenth Circuit

May 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KALEB F. PORTER,

Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

Defendant-Appellee.

No. 12-5178
(D.C. No. 4:11-CV-00404-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT[*]**

---

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Kaleb F. Porter (Claimant) appeals the district court's affirmance of the

Commissioner's decision to deny his application for supplemental security income

benefits based on childhood disability. Exercising jurisdiction under 42 U.S.C.

§ 405(g) and 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Claimant filed for benefits on October 20, 2003, claiming disability since September 1999 due to removal of his spleen, pancreas problems, and a learning disability. An administrative law judge (ALJ) found that Claimant was not disabled and denied benefits, and the Appeals Council denied review, but the district court remanded for further proceedings. A hearing before a different ALJ was held in 2008, and that ALJ also found that Claimant was not disabled and denied benefits. The Appeals Council denied review, making the 2008 ALJ decision the final decision for judicial review. The district court affirmed, and this appeal followed.

In childhood disability cases, the Commissioner applies a three-step sequential evaluation process. *See* 20 C.F.R. § 416.924(a). The first step is whether the claimant is engaging in substantial gainful activity; the second step is whether the claimant has a medically determinable severe impairment or combination of impairments; and the third step is whether the claimant has an impairment or combination of impairments that meets or medically equals the criteria of a listing or that functionally equals a listing. *See id.* § 416.924(a)-(d). The ALJ determined that Claimant was not engaging in substantial gainful activity. He assessed Claimant with a severe combination of the following impairments: status post pancreatectomy, status post splenectomy, status post right humerus fracture, a learning disorder, and borderline intellectual functioning. Finally, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals a listing or that functionally equals a listing.

"We review the district court's decision *de novo* and therefore must independently determine whether the agency's decision (1) is free from legal error and (2) is supported by substantial evidence." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001) (internal quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000) (internal quotation marks omitted). "We may neither reweigh the evidence nor substitute our judgment for that of the agency." *Id.* (internal quotation marks omitted).

*Meets or Medically Equals a Listing*

Claimant first argues that the ALJ erred in determining that his severe combination of impairments does not meet or medically equal a listing. He focuses on Listing 112.05 (mental retardation) and Listing 112.02 (organic mental disorders).

Listing 112.05 is "[c]haracterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. B, § 112.05. Claimant relies on Listing 112.05D, which has two components: "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function." *Id.* § 112.05D. Claimant points to his February 13, 2003, assessment of a 69 performance IQ score and argues that the ALJ should have accepted this score. But even assuming that Claimant's 69 score would satisfy the first component

of the listing, the basis of the ALJ's decision was that Claimant did not satisfy *both* components. That determination is supported by substantial evidence. As the ALJ recognized, there are seven Childhood Disability Evaluation Forms in the file, and "none of these medical experts felt the severity of the claimant's impairments met or equaled a listed impairment." Admin. R. at 474. The ALJ also relied on the hearing testimony of a medical expert, who opined that Claimant's impairments did not meet or medically equal a listed impairment. Although Claimant highlights the evidence supporting his position, we cannot "reweigh the evidence []or substitute our judgment for that of the agency." *Barnett*, 231 F.3d at 689 (internal quotation marks omitted).

Claimant also asserts that he meets or medically equals subsections B2b and B2d of Listing 112.02. Listing 112.02 requires a claimant to show medical evidence to "demonstrate or support the presence of an organic factor judged to be etiologically related to the abnormal mental state and associated deficit or loss of specific cognitive abilities, or affective changes, or loss of previously acquired functional abilities." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. B, § 112.02. The listing is met when a claimant satisfies both subsection A, which requires a claimant to show "[m]edically documented persistence of at least one" of a list of conditions or symptoms, and subsection B, which requires a claimant to show "[m]arked impairment[s]" or "[m]arked difficulties" in at least two of four specified areas. *Id.* § 112.02A, B.

Claimant alleges that he satisfies the requirement of showing an "organic factor" because he suffered a traumatic brain injury (TBI) in a motor vehicle accident at age three and again in a bicycle accident several years later. But Claimant's record citations do not support a medical diagnosis of or treatment for a TBI. The bulk of the citations relate to the motor vehicle accident, and contrary to Claimant's allegations, those records show normal results for a CT scan of the head. *See* Admin. R. at 279, 286, 303. Further, the discharge summary does not reflect a TBI diagnosis. *See id.* at 287. Claimant's other two citations refer to a psychologist's reports, in which the psychologist recited a TBI as a part of the medical history that was told to him. *See id.* at 419, 519. This is not medical evidence that Claimant actually suffered a TBI.

Beyond failing to demonstrate an "organic factor," Claimant fails to satisfy Listing 112.02 for another reason: his opening brief makes no attempt to identify which item(s) in subsection A he believes that he has satisfied. Instead, the opening brief focuses on subsections B2b and B2d. His attempts to remedy this omission in his reply brief come too late because arguments made for the first time in a reply brief are waived. *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011).

Claimant also has waived his remaining arguments about whether he meets or equals a listing. His conclusory statement that he meets Listings 112.05D, E, and F because he meets Listing 112.02B2d does not adequately brief the issue. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider

and discuss only those . . . contentions that have been adequately briefed for our review."); *see also Reedy*, 660 F.3d at 1274 ("[W]e expect attorneys appearing before this court to state the issues on appeal expressly and clearly, with theories adequately identified and supported with proper argument."). As for his assertion that he is entitled to a closed period of benefits, Claimant acknowledges that the district court considered the argument waived because it was "too poorly developed to be considered." Aplt. Opening Br. at 22. We do not consider arguments that were not preserved in the district court. *See Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) ("The scope of our review . . . is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal.").

*Functionally Equals a Listing*

Focusing on two points, Claimant next argues that the ALJ erred in concluding that his severe combination of impairments does not functionally equal a listing. First, Claimant states that the most recent evaluator did not use a childhood disability mental assessment form, but the ALJ did not contact the evaluator for more information. Second, he asserts that the ALJ "interfered with Claimant's due process rights by applying the wrong standard of proof." Aplt. Opening Br. at 24.

To the extent that the use of the adult mental assessment form was error, Claimant has failed to show how the error impacted the ALJ's analysis. He states that the form "does not contain all the information needed to make a decision," *id.* at 23, but he provides no explanation of differences in the adult and child forms that

- 6 -

would undermine the ALJ's decision. Moreover, the record contained a written narrative from the evaluator, as well as seven Childhood Disability Evaluation Forms and expert testimony, all of which provided the ALJ with information.

Claimant also fails to explain the basis of his contention that the ALJ applied the wrong standard of proof, and our review reveals nothing to show that the ALJ erred in identifying or applying the relevant legal standards. The ALJ correctly noted the three-step process set forth in § 416.924, and he applied each step. With regard to functional equivalence, he identified and analyzed each of the six domains set forth in 20 C.F.R. § 416.926a(b)(1).

*Credibility Evaluation*

Claimant's final arguments involve the ALJ's determination that the testimony of Claimant's mother was not entirely credible. He complains that the ALJ did not analyze the proper credibility factors and did not link his credibility finding to the evidence. He also asserts that the ALJ's credibility determination is not supported by substantial evidence.

"'Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.'" *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)). "However, 'findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Id.* (quoting *Kepler*, 68 F.3d at 391 (brackets omitted)).

The ALJ sufficiently linked his evaluation of Ms. Porter's credibility to substantial record evidence. He offered several reasons for his assessment, identifying various pieces of record evidence indicating that Claimant's symptoms were not as severe as reported by Ms. Porter, including a medical report that she "seemed to be 'stretching complaints a little.'" Admin. R. at 476 (quoting Exhibit 17F). "Contrary to plaintiff's view, our opinion in *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

The judgment of the district court is affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge